IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCELO CALLI | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : No. 5:14-cv-05292 JFL |
| | : |
| ARC MAINTENANCE, INC., | : |
| CRAIG D. COTURE, | : |
| SCOTT A. LUTZ | : |
| and GARY LUTZ | : |
| | : |
| Defendants. | : |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S REVISED SEPARATELY PROPOSED JURY INSTRUCTIONS**

Defendants ARC Maintenance, Inc., Craig D. Coture, Scott A. Lutz, and Gary Lutz hereby submit this response to Plaintiff's Revised Separately Proposed Jury Instructions.

## **TABLE OF CONTENTS**

1. Construction

2. Fair Labor Standards Act - Computation of Hours Worked

3. Work Performed While Traveling

4. Statute of Limitations

5. Fair Labor Standards Act, Individual Liability

6. Definition of "primary duty," "exempt work," and "exempt duties"

7. FLSA – Determining Hours Worked

8. Pennsylvania Minimum Wage Act

9. Pennsylvania Wage Payment and Collection Law

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

## Construction

~~Exemptions from the overtime provisions of the Fair Labor Standards Act are to be narrowly construed against the employer.[1]~~

<u>Defendants' response:</u>

Defendants object to this entire instruction for the reasons set forth in their previously filed DEFENDANTS' RESPONSE TO PLAINTIFF'S SEPARATELY PROPOSED JURY INSTRUCTIONS.

Approved____Denied_____Approved as Modified_____

---

[1] <u>Source</u>: DOL Website: http://webapps.dol.gov/elaws/whd/flsa/screen75.asp See also,Tony & Susan Alamo Foundation v. Secretary of Labor, 471 U.S. 290, 296 (1985); Birdwell v. City of Gadsden, Alabama, 970 F.2d 802, 805 (11th Cir. 1992).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

**Fair Labor Standards Act - Computation of Hours Worked**

Employers are required to keep records of the wages and hours worked by their employees. ~~But if the employer does not have accurate or adequate records, an award may be based on the employee's estimate of the hours he worked that permits you to make a reasonable inference of her actual hours worked. Mr. Calli has presented estimates of the time he worked for the periods where the Defendants do not have actual records. If the Defendants do not have evidence of the precise hours worked or offer evidence that Mr. Calli's evidence does not allow a reasonable estimate, then you should make an award based on Mr. Calli's estimated hours.~~[2]

Defendants' response:

    Defendants object to the struck-out portion of this instruction for the reasons set forth in their previously filed DEFENDANTS' RESPONSE TO PLAINTIFF'S SEPARATELY PROPOSED JURY INSTRUCTIONS.

Approved_____Denied_____Approved as Modified_____

---

[2] Source: 29 U.S.C. § 211(c); Pa. Stat. Ann. tit. 43, § 333.108; *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (1946)

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3

## Work Performed While Traveling

~~Any work that an employee is required to perform while traveling must be counted as hours worked.~~[3]

Defendants' response:

    Defendants object to this entire instruction for the reasons set forth in their previously filed DEFENDANTS' RESPONSE TO PLAINTIFF'S SEPARATELY PROPOSED JURY INSTRUCTIONS.

Approved____Denied_____Approved as Modified_____

---

[3] Source: 29 C.F.R. §785.41

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

### Statute of Limitations

~~A three (3) year statute of limitations period applies to Plaintiff's Pennsylvania Minimum Wage Act claim[4] while the statute of limitations for Plaintiffs' federal Fair Labor Standards Act claim is either two (2) years or, in the event of a "willful violation," three (3) years.[5]."~~

Defendants' response:

Defendants object to this entire instruction for the reasons set forth in their previously filed DEFENDANTS' RESPONSE TO PLAINTIFF'S SEPARATELY PROPOSED JURY INSTRUCTIONS.

Approved_____Denied_____Approved as Modified_____ _____

---

[4] Source: Curtis v. Cargill Meat Solutions Corp., 2006 U.S. Dist. LEXIS 64634, *8 (M.D. Pa. June 16, 2006)
[5] Source: 29 U.S.C. § 255(a)

6

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

### Fair Labor Standards Act, Individual Liability

~~If found liable, Defendants Scott Lutz and Keith Lutz may each be found personally liable under both the federal law[6] and Pennsylvania law[7] to pay Mr. Calli for amounts he earned but did not receive.~~

Defendants' response:

     Defendants object to this entire instruction for the reasons set forth in their previously filed DEFENDANTS' RESPONSE TO PLAINTIFF'S SEPARATELY PROPOSED JURY INSTRUCTIONS.

Approved_____ Denied_____ Approved as Modified_____

---

[6] Source: 29 U.S.C. § 203(d)
[7] Source: Pennsylvania Minimum Wage Act of 1968, P.L. 11, No. 5
(http://www.portal.state.pa.us/portal/server.pt?open=514&objID=552960&mode=2#2)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6

## Definition of "primary duty," "exempt work," and "exempt duties".

(a) To qualify for exemption from the provision which requires employers to pay overtime for work over forty hours per work week, an employee's "primary duty" must be the performance of exempt work.

"Exempt work" and "exempt duties" mean work or duties

 (i) which are office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

(ii) which include the exercise of discretion and independent judgment with respect to matters of significance.

The term "primary duty" means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

(b) The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee. Thus, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement. Time alone, however, is not the sole test, and nothing in this section requires that

exempt employees spend more than 50 percent of their time performing exempt work. Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion. [~~(c) Thus, for example, assistant managers in a retail establishment who perform exempt executive work such as supervising and directing the work of other employees, ordering merchandise, managing the budget and authorizing payment of bills may have management as their primary duty even if the assistant managers spend more than 50 percent of the time performing nonexempt work such as running the cash register. However, if such assistant managers are closely supervised and earn little more than the nonexempt employees, the assistant managers generally would not satisfy the primary duty requirement.~~][8]

Defendants' response:

      Defendants object to subsection (c) being deleted, for the reasons set forth in their previously filed DEFENDANTS' RESPONSE TO PLAINTIFF'S SEPARATELY PROPOSED JURY INSTRUCTIONS.

Approved____Denied_____Approved as Modified_____

---

[8] Source: 29 C.F.R. § 541.200; 29 C.F.R. § 541.700.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7**

**FLSA – Determining Hours Worked**

The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. Such time constitutes "hours worked" if the employer knew or should have known that the work was being performed. Periods during which an employee is completely relieved of duty that are long enough to enable the employee to use the time effectively for his own purposes are not "hours worked."

You must determine the number of hours worked by Mr. Calli based on all of the evidence.[9]

Defendants' response:

    Defendants do not object to this instruction.

---

[9] Source: Manual of Model Civil Jury Instructions for the U.S. District Courts of the Eighth Circuit, section 16.20

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8

## Administrative Exemption - Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq.

Employment in a bona fide administrative capacity means work by an individual:

(1) Whose primary duty consists of the performance of office or nonmanual work directly related to management policies or general operation of his employer or the customers of the employer.

~~(2) Who customarily and regularly exercises discretion and independent judgment.~~

~~(3) Who regularly and directly assists an employer or an employee employed in a bona fide executive or administrative capacity, who performs under only general supervision work along specialized or technical lines requiring special training, experience or knowledge, or who executes under only general supervision special assignments and tasks.~~

~~(4) Who does not devote more than 20% of time worked in a workweek, or, in the case of an employee of a retail or service establishment, who does not devote more than 40% of time worked in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (1) – (3).~~

(5) Who is paid for his services a salary of not less than ~~$155 per week, exclusive of board, lodging, or other facilities, provided that an employee who is compensated on a salary or fee basis at a rate of not less than~~ $250 per week, exclusive of board, lodging or other facilities and whose ~~primary duty consists of the performance of~~ work ~~described in paragraph (1), which~~ includes work requiring the exercise of discretion and independent judgment, ~~shall be deemed to meet all of the requirements of this section~~.[10]

---

[10] Source: § 231.83. Administrative. This section cited in 34 Pa. Code § 231.81 (relating to definitions).

Defendants' response:

      Plaintiff's proposed instruction is copied verbatim from 34 Pa. Code § 231.83.

      Defendants object to the struck-out portions of this instruction because the struck out portions are not applicable to the instant case, since it is stipulated that Plaintiff's salary is not less than $250 per week.

      *See also* **Baum v. Astrazeneca**, LP, 372 Fed.Appx 246 (3d Cir. 2010), cert. denied, 562 U.S. 896, 131 S.Ct. 332; **Itterly v. Family Dollar Stores, Inc.**, 606 Fed.Appx. 643 (3d Cir. 2015).

Approved_____Denied_____Approved as Modified_____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9

### Pennsylvania Wage Payment and Collection Law[11]

~~A plaintiff need not plead the existence of any formal employment contract. Rather the plaintiff need only plead the existence of some contractual agreement to pay wages that defendant now owes to the plaintiff. When "employees do not work under an employment contract or a collective bargaining agreement, plaintiffs will have to establish the formation of an implied oral contract between [the employer] and its employees." Such a binding agreement may be express or, as the Third Circuit noted in De Asencio, it may be implied.[12]~~

Defendants' response:

    Defendants object to this entire instruction. There is no factual dispute for which this instruction needs to be given.

    Additionally, citing a Third Circuit court opinion in a jury instruction is improper.

Approved\_\_\_Denied_____Approved as Modified_____

---

[11] Source: Euceda v. Millwood, Inc., 2013 U.S. Dist. LEXIS 120515, 2013 WL 4520468 (M.D. Pa. Aug. 26, 2013);

[12] Source: De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003); see also Braun v. Wal-Mart Stores, Inc., 2011 PA Super 121, 24 A.3d 875, 954 (Pa. Super. Ct. 2011)("[A]bsent a formal employment contract or collective bargaining agreement, an employee raising a WPCL claim would have to establish, at a minimum, an implied oral contract between the employee and employer.").

Respectfully submitted,

Date: January 21, 2016                /s/ Kevin T. Fogerty_____
Kevin T. Fogerty, Esquire
LAW OFFICES OF KEVIN T. FOGERTY
Mill Run Office Center
1275 Glenlivet Drive, Suite 150
Allentown, PA 18106
Phone 610-366-0950
Fax 610-366-0955
E-Mail kfogerty@fogertylaw.com

*Attorneys for Attorneys for Defendants ARC Maintenance, Inc., Craig D. Coture, Scott A. Lutz, and Gary Lutz*